EXHIBIT C

# IDAHO COMMISSION OF PARDONS AND PAROLE

P.O. Box 83720, Boise, Idaho 83720-1807

IDOC #69003

MAXIMUM EXPIRATION: (1) Case #CR15-4228, January 31, 2023

TO WHOM THESE PRESENTS SHALL COME, GREETINGS:

WHEREAS, on the 20th day of March, 2017, TYLER JAY WATSON was sentenced by the Judge of the District Court of the State of Idaho, in and for the County of Canyon to be committed to the Idaho State Board of Correction for the crime of Possession Of A Controlled Substance, a Felony, Count 1, Court Case CR15-4228, for a term not to exceed seven (7) years.

NOW THEREFORE, the State Commission of Pardons and Parole by virtue of the authority vested in it by the laws of the State of Idaho, hereby authorizes the Executive Director of the Idaho State Commission of Pardons and Parole to allow the said TYLER JAY WATSON to go on parole outside an institution effective this date, subject to the conditions enumerated on the reverse side of this document and Special Conditions, if any, given below.

This parole is granted to and accepted by the parolee subject to all its terms and conditions and with the understanding that the Commission of Pardons and Parole may, at any time, in case of violation of the terms of this parole, cause the parolee to be returned to an institution to serve the full maximum sentence or any part thereof. Maximum sentence date could change if time on parole is forfeited (due to parole revocation) or if time is not credited (due to fugitive status).

The parolee will be under the jurisdiction of Probation and Parole for a minimum of at least one (1) year but not to exceed the maximum sentence. The parolee shall abide by all conditions until a final discharge has been effected.

In the event of any period of confinement imposed upon parolee pursuant to I.C. § 20-229B, parolee will obey all Idaho Department of Correction and individual facility rules, policies, and procedures, and cooperate fully with correctional staff.

SPECIAL CONDITIONS:

1. Remain alcohol and drug free, which includes not using marijuana and not having a medical marijuana card. Do not enter any establishment where alcohol is the main source of income.

2. Follow the aftercare plan recommended by IDOC.

3. While on parole, do not drive, do not have a driver's license, and do not have a vehicle registered in your name.

4. May not enter into any relationship until the Parole Officer and treatment provider approves.

5. Take medication as prescribed by a physician.

6. Obtain a Mental Health Evaluation and follow all directives for treatment.

7. The parolee will not associate with known felons (unless specifically allowed by the Commission or supervising personnel); persons involved with illegal activity, or other persons as identified by supervising personnel.

8. No gang affiliations on parole

9. If paroling within the state of Idaho, the Commission will allow the Parole Officer to use discretionary jail time of ten (10) days for the term of subject's parole. If paroling outside of the state of Idaho, if the subject returns to Idaho while still under parole supervision, the Commission will allow the Parole Officer ten (10) days discretionary jail time for the remaining term of the subject's parole. All options for DJT can be utilized at the Parole Officer's discretion. All options to include but not limited to Community Service, Labor Detail, or Work Release. All costs for options in lieu of jail time will be paid by the offender.

10. If another jurisdiction has lodged a detainer against a parolee, parolee may be released to the custody of the jurisdiction. Should parolee be released from their custody prior to the expiration of the Idaho parole, or should the detainer be adjudicated without incarceration, parolee will: (a) report immediately to the nearest Adult Parole and Probation office for instructions concerning placement under supervision, if appropriate; and (b) contact the Executive Director of the Parole Commission to advise of address, employment, etc., within five (5) days after release from custody.

GENERAL CONDITIONS:

1. The parolee will go directly to the destination approved by the Commission and, upon arrival, report as instructed to the parole officer or person whose name and address appear on the arrival notice; any deviation in travel plans will require prior permission from the Commission staff.

2. The parolee will (a) work diligently in a lawful occupation or a program approved by the Commission or supervising officer and not change employment or designated program without written permission from the Commission or supervising officer, and (b) support dependents to the best of the parolee's ability.

3. The parolee must submit a complete and truthful report to the assigned parole officer.

4. If at any time it becomes necessary to communicate with the assigned parole officer or other official designee who is unavailable, communication will be directed to the district section supervisor.

5. The parolee will: (a) obey all municipal, county, state, and federal laws; (b) not engage in conduct that is, or is intended to be, harmful to himself or others; (c) not purchase, own, sell, or have in the parolee's control, to include storing in residence, vehicle, etc., any type of firearm for whatever purpose; (d) not have in the parolee's control any dangerous weapon used or intended to be used for other than normal or usual purposes, such as knives for household use.

6. The parolee will: (a) abstain from use of alcoholic beverages; (b) abstain completely from the possession, procurement, use, or sale of narcotics or controlled substance, except as prescribed by a licensed medical practitioner; (c) freely cooperate and voluntarily

Next Page →

WATSON_000063



submit to medical and chemical tests and examinations for the purpose of determining if parolee is using, or under the influence of alcohol, narcotics, or other substances, which may be at the parolee's expense; (d) participate in treatment programs as specified by the Commission or ordered by the parole officer.

7. The parolee is fully advised that written permission is required to: (a) willfully change employment, (b) willfully change residence, or (c) leave the assigned district.

8. The parolee will submit to a search of person or property, to include residence and vehicle, at any time and place by the supervisory authority or at the direction of the Commission, and the parolee waives the constitutional right to be free from such searches.

9. The parolee is required to enter into and comply with an agreement of supervision with the Idaho Department of Correction.

10. The parolee will be available for supervision and will not actively avoid supervision.

Dated in Boise, Idaho, this 30th day of June, 2020.

IDAHO STATE COMMISSION OF PARDONS AND PAROLE

_____
EXECUTIVE DIRECTOR OR DESIGNEE

THIS IS TO CERTIFY THAT I have read, or have had read to me, and fully understand and accept all the conditions, regulations and restrictions under which I am being released on parole. I will abide by and conform to them strictly, and fully understand that my failure to do so may result in the revocation of my parole.

_____
Signature of Parolee

STATE OF IDAHO
COUNTY OF FREMONT

On the **30th day of June, 2020**, before me came TYLER JAY WATSON to me known to be the individual described herein, and who executed the foregoing instrument and acknowledged that he/she executed same.

_____
NOTARY PUBLIC
Commission Expires: 9-26-2022

TAWNYA GARZ-BREWER
COMMISSION #6825
NOTARY PUBLIC
STATE OF IDAHO